UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>REBECCA ROSE,<br>    Defendant. | No. CR 22-45<br><br>MOTION TO VARY DOWNWARD |

COMES NOW Defendant Rebecca Rose through counsel requests that the Court vary downward from the sentencing guidelines range for her methamphetamine possession offense. The guidelines range recommended in the Presentence Investigation Report is that for pure or ice methamphetamine and the resulting sentencing range is greater than what is "sufficient, but not greater than necessary" to achieve a reasonable sentence.

Specifically, a variance is appropriate because, (a) drug purity is not an accurate proxy for culpability in light of the fact that nearly all of the methamphetamine cases brought in our district involve high-purity methamphetamine and (b) the 10-to-1 ratio established in the Guidelines is not based on empirical evidence.

1

The drug quantity as calculated in paragraph 18 of the final Presentence Investigation Report, Dkt. No. 45, is 1,573.07 grams of methamphetamine. The base offense level for a substance containing 1573.07 grams of a mixture of methamphetamine is 32. There is a quantity "cliff" at 1500.00 grams of a mixture of methamphetamine. At that quantity, the offense level jumps up to 32 from offense level 30.

The PSIR recommends a three-level reduction for timely acceptance of responsibility (paragraphs 25 and 26). And the Government now agrees that Ms. Rose is safety-valve eligible for an additional two-level reduction of the base offense level (and a sentence below the statutory mandatory minimum). Applying these reductions, the total offense level based on a mixture of a substance containing methamphetamine is 27, which combined with a criminal history category of II (PSIR paragraph 35), results in a guidelines sentencing range of 78-97 months.

Because Ms. Rose's quantity was not much more than that which put her on upper side of the "cliff" at 1500 grams, she asserts that a bottom of the guidelines sentencing range is appropriate. Other factors

upon which the Court could find it appropriate to be lenient include that Ms. Rose became involved in the sale of methamphetamine through her addiction, as described in paragraph 57 of the PSIR and because of her mental health problems as set forth in paragraphs 53 and 54 of the PSIR.

WHEREFORE, Defendant, through counsel, requests that the Court vary from the guidelines sentencing range as calculated in the PSIR using the offense level for pure or ice methamphetamine.

Respectfully submitted,

*/s/ Mark Meyer*

MARK C. MEYER
425 2nd Street SE, Suite 1250
Cedar Rapids, IA 52401
319-365-7529
legalmail@markcmeyer.com

COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

A copy of this document was served by ☐ mail, ☐ facsimile, ☐ hand-delivery ☒ electronic filing on this 4/2/2024 upon all counsel of record in this case.

*/s/ Mark Meyer*

3